**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RETIREMENT VALUE LLC,<br><br>Defendant.<br><br>RETIREMENT VALUE LLC,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Counterclaim-Defendant. | Civil Action No. 21-20438 (MAS) (LHG)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendant/Counterclaim-Plaintiff Retirement Value LLC's ("Retirement Value") Motion to Transfer this action to the United States District Court for the Northern District of Texas where a related action (the "Texas Action") is pending.[1] (ECF No. 36.) Plaintiff/Counterclaim-Defendant The Lincoln National Life Insurance Company ("Lincoln

---

[1] *Retirement Value LLC, by and through its court appointed Receiver, Eduardo S. Espinosa v. Lincoln Nat'l Life Ins. Co.*, No. 22-00405-M (N.D. Tex.).

National") opposed (ECF No. 48), and Retirement Value replied (ECF No. 51). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court denies the Motion to Transfer.

I.      **BACKGROUND**

On or about May 25, 2007, Jefferson Pilot Life Insurance Company (a predecessor entity of Lincoln National) issued two life insurance policies (policy numbers JP5581248 and JP5575311) (the "Policies") to the Haya Majerovic Family Trust as both owner and beneficiary of the Policies. (Compl. ¶ 20, ECF No. 1.) The Policies insured the life of Haya Majerovic and provided a combined $8,000,000 death benefit. (*Id.*) Following a series of transfers, Retirement Value became the record owner and beneficiary of the Policies on July 27, 2010. (*Id.* ¶¶ 27-29.)

Shortly before this transfer to Retirement Value, a Texas court placed Retirement Value, a Texas limited liability company, into receivership ("Receivership Proceedings").[2] (Def.'s Moving Br. 2, 4-5, ECF No. 36-1; *see also* Pl.'s Opp'n Br. Ex. G, ECF No. 48-1.) The court appointed Eduardo S. Espinosa as receiver (the "Receiver") to protect Retirement Value's investors who invested in death benefits from life insurance policies owned by Retirement Value. (Defs.' Moving Br. 2, 5.) This action resulted from a Texas Department of Insurance ("TDI") investigation into alleged fraud perpetrated by Retirement Value related to its life insurance policies. (Pl.'s Opp'n Br. 5-6.) As part of the Receivership Proceedings, the Texas court entered orders requiring all insurance companies who issued policies to Retirement Value to provide the Receiver with information related to those policies. (Def.'s Moving Br. 5; Pl.'s Opp'n Br. 5.) TDI issued similar requests as part of its investigation. (*Id.*) Lincoln National was one of the insurance companies

---

[2] *State of Texas v. Retirement Value, LLC et al.*, No. 10-000454 (126th District Court of Travis County, Texas).

required to provide information on these policies. (*See* Def.'s Moving Br. 6.) The Receivership Proceedings remain ongoing.

Haya Majerovic died "in or around 2019," and Retirement Value submitted timely claims for the payment of the death benefits under the Policies. (First Am. Answer ¶ 63, ECF No. 31.) Rather than respond to the claims, however, Lincoln National filed this declaratory judgment action on December 9, 2021, seeking a declaration (1) that the Policies are void *ab initio*, and (2) because they are void *ab initio*, the Court will leave the parties as it finds them and permit Lincoln National to retain the premiums paid on the Policies. (*Id.*; Compl. 9-10.) On February 18, 2022, Retirement Value initiated the Texas Action alleging that Lincoln National schemed to defraud Retirement Value in Texas by collecting premiums on nine policies (including the Policies at issue here) that it always intended to argue were void *ab initio*. (Def.'s Moving Br. 1.) Notably, the Texas court dismissed the claims related to the Policies, finding that the first-to-file rule applied and that the Policies were, therefore, appropriately adjudicated in New Jersey.[3] (Pl.'s Opp'n Br. 9, Ex. L.)

Retirement Value now moves to transfer Lincoln National's declaratory judgment action to Texas, arguing that Texas is the proper forum.

## II.      LEGAL STANDARD

Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district "for the convenience of the parties and witnesses, [and] in the interest of justice . . . ." 28 U.S.C. § 1404(a). District courts have discretion to "adjudicate motions for transfer according to an

---

[3] Retirement Value also moved to stay this action until the Texas Action reaches judgment. (*See* ECF No. 36.) Because the claims related to the Policies were dismissed in the Texas Action, Retirement Value now withdraws its Motion to Stay. (*See* Def.'s Reply Br. 2 n.1, ECF No. 51.)

3

individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quotation omitted) (citation omitted).

Courts conduct a two-part test under § 1404(a). First, both the original and requested venue must be proper. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). The appropriate test for determining venue is the location of the "events or omissions giving rise to the claim." *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994) (citation omitted).[4]

If venue is proper, the court weighs private and public interests to decide whether transfer is warranted. *Jumara*, 55 F.3d at 879. The Court is guided by the following non-exclusive private and public interest factors outlined by the Third Circuit:

> The private interests have included: plaintiff's forum preference as manifested in the original choice, the defendant's preference, whether the claim arose elsewhere, the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion, the local interest in deciding local controversies at home; the public policies of the fora, and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-80. These factors "must be applied through a 'flexible and individualized analysis [and must be] made on the unique facts presented in each case.'" *West Coast Life Ins. Co. v. Wells Fargo Bank, N.A.*, No. 20-04350, 2021 WL 302919, at *8 (D.N.J. Jan. 29, 2021) (quoting *Liggett*

---

[4] Absent any dispute by the parties, the Court finds venue in New Jersey proper. The Court does not engage in a venue analysis with respect to Texas, however, because it finds that the public and private factors weigh against transfer.

*Grp. Inc. v. R.J. Reynolds Tobacco Co.*, 102 F. Supp. 2d 518, 527 (D.N.J. 2000) (internal citation omitted)).

### III. DISCUSSION

The Court addresses Retirement Value's Motion to Transfer the declaratory judgment action to the Northern District of Texas below.

### A. The First-Filed Rule Became Moot When the Texas Court Dismissed the Policies From the Texas Action.

As an initial matter, the Court quickly disposes of the first-filed rule. The first-filed rule "only applies where actions are truly duplicative such that a determination in one action leaves little or nothing to be determined in the other." *Franceski v. Freedom Mortg. Corp.*, No. 18-13945, 2019 WL 2636740, at *4 (D.N.J. 2019) (internal quotations omitted); *see also Coyoy v. United States*, 526 F. Supp. 3d 30, 43 (D.N.J. 2021) (must have same issues and same parties to apply the first-filed rule) (citing Third Circuit case law). Once this standard is met, the Court is then able to determine which case should take priority—with a presumption in favor of the case that was filed first, barring certain exceptions. *See Coyoy*, 526 F.3d at 43 ("[The Court has] discretion to transfer a later-filed case if it is sufficiently similar to a case previously filed in another jurisdiction . . . [A] court may deviate from the rule where there are rare or extraordinary circumstances . . . .").

Retirement Value urges the Court to depart from the first-filed rule. (Def.'s Moving Br. 20-25.) But the Texas court already utilized the first-filed rule to dismiss the Policies from the Texas Action. (Pl.'s Opp'n Br. 9, Ex. L.) The first-filed rule, consequently, became moot with respect to the current New Jersey action. But here, the first-filed rule became moot when the Texas court dismissed the Policies from the Texas Action. Once the Policies were dismissed, the Texas Action ceased to have such "substantially similar subject matter" that its determination would also determine the instant New Jersey matter. *Strategic Benefit Sols. Corp. v. Benefitelect, Inc.*, No.

19-14277, 2020 WL 4364329, at *2 (D.N.J. 2020); *see also Franceski*, 2019 WL 2636740, at *4. The first-filed rule is, therefore, inapplicable to the case at hand.

### B. The Private Factors Weigh Against Transfer.

The Court finds that the private factors weigh against transfer. Two of the six private factors—plaintiff's choice of forum and whether the claims arose elsewhere—weigh against transfer. Two of the six private factors—defendant's preference and convenience of the parties as indicated by their relative physical and financial conditions—weigh in favor of transfer. The final two of the six private factors—convenience of the witnesses to the extent they would be unavailable in a particular forum, and location of evidence to the extent it cannot be produced in a particular forum—are neutral. In all, the balance of the private factors weighs against transfer. The Court considers each factor below.

First, the Court considers Plaintiff's choice of forum. "In the Third Circuit, a plaintiff's choice of forum is a paramount concern in deciding a motion to transfer venue." *Wm. H. McGee & Co. v. United Arab Shipping Co.*, 6 F. Supp. 2d 283, 289 (D.N.J. 1997) (internal quotations omitted). The plaintiff's choice of forum is to be given great deference unless the "balance is strongly tipped in favor of transfer." *Hardaway Constructors, Inc. v. Conesco Indus., Ltd.*, 583 F. Supp. 617, 620 (D.N.J. 1983); *see also Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 480 (D.N.J. 1993) (quoting *Sandvik, Inc. v. Cont'l Ins. Co.*, 724 F. Supp. 303, 307 (D.N.J. 1989)). Here, Lincoln National's choice of forum is the District of New Jersey, and this forum is "presumptively correct." *Wm. H. McGee*, 6 F. Supp. 2d at 290 (internal citations omitted). This factor weighs against transfer.

The location where the claims arose also weighs against transfer. Retirement Value argues that the claims arose in Texas because Retirement Value resides in Texas so that is, therefore, where all its injuries occurred. (Def.'s Moving Br. 16-17 (alleging that the breach of contract arose

in Texas because that is where Lincoln National should have paid the death benefit, and Lincoln National's material misrepresentations and omissions also occurred in Texas because that is where Retirement Value received and relied on them).) Retirement Value, however, relies on the incorrect standard. The state in which a life insurance policy is signed determines where related causes of action initially arose. *Lincoln Benefit Life Co. v. Wells Fargo Bank, N.A.*, No. 17-2905, 2017 WL 4953904, at *3 (D.N.J. 2017) (in a declaratory judgment action seeking declaratory judgment as to the validity of a life insurance policy, "the state in which the policy was signed, and thus where [the] cause of action initially arose, is dispositive"). Here, the Policies were signed in New Jersey, and this factor, therefore, weighs against transfer. (Pl.'s Opp'n Br. 3, 17.)

The two private factors that weigh in favor of transfer are (1) defendant's preference and (2) convenience of the parties as indicated by their relative physical and financial condition. Retirement Value's forum preference—the Northern District of Texas—weighs in favor of transfer. *Taylor v. Glob. Credit & Collection Corp.*, No. 10-1476, 2010 WL 2521758, at *2 (D.N.J. 2010). Because Lincoln National did not select its home forum, the Court does not give its selection much weight, and Retirement Value's choice of forum, therefore, weighs in favor of transfer. *Id.* ("[Plaintiff's] choice of forum is thus not entitled to the same degree of deference as if she had selected her home forum, and the defendant's preference weighs in favor of transfer."). The Court recognizes that Retirement Value is in a unique financial position as a result of the Receivership Proceedings (Def.'s Moving Br. 17). While this factor may weigh in favor of transfer, it cannot be the sole reason for transfer. *See Santi v. Nat'l Bus. Recs. Mgmt., LLC*, 722 F. Supp. 2d 602, 608 (D.N.J. 2010) ("The fact that [a party] has substantially more resources than [another] should not be the sole reason for . . . transfer.").

Finally, convenience of the witnesses to the extent they would be unavailable in a particular forum and location of evidence to the extent it cannot be produced in a particular forum are both

7

neutral. Retirement Value has provided no indication that any of its witnesses would be unwilling to testify in New Jersey. *See Gaetano v. Gilead Scis., Inc.*, No. 21-1418, 2021 WL 3185822, *3 (D.N.J. 2021) ("[Defendant] has not shown that any witnesses will be unwilling to testify, as is necessary to carry its burden."). Retirement Value has also provided no reason that evidence could not be available in New Jersey, particularly with the developments of electronic discovery. *Id.* at 4 ("[Defendant] makes no indication that this case could not proceed using now standard tools of e-discovery."). Both of these factors are neutral.

The private factors, accordingly, weigh against transfer.

### C. The Public Factors Weigh Against Transfer.

The Court finds that the public factors weigh against transfer. Three of the six public factors—local forum's interest in deciding local controversies at home, public policies of the forum, and trial judge's familiarity with any applicable state law—weigh against transfer. The other three public factors—enforceability of the judgment, practical considerations that would make trial easy, expeditious, or inexpensive, and congestion of the Court's docket—are neutral. In all, the balance of the public factors weighs against transfer. The Court considers each factor below.

Retirement Value does not contest the enforceability of a New Jersey judgment. (*See* Def.'s Moving Br. 18-20.) "[B]ecause either District can render an enforceable judgment, the Court finds this factor is neutral." *Eagle View Techs., Inc. v. GAF Materials, LLC*, No. 21-10669, 2022 WL 901191, at *6 (D.N.J. Mar. 28, 2022).

Practical considerations that would make trial easy, expeditious, or inexpensive are also a neutral factor. The sole arguments for both Retirement Value and Lincoln National on this factor are that the witnesses relevant to their claims either reside or are available in their desired forums. (Def.'s Moving Br. 18 ("The majority of witnesses relating to Retirement Value's coercive actions

8

reside [in Texas]."); Pl.'s Opp'n Br. 25 ("[T]he most relevant witnesses relating to whether the [Policies] are void *ab initio* for lacking insurable interest are available in New Jersey . . . .").) Because the Court finds these arguments equally availing, this factor is neutral. The Court notes that this factor typically weighs in favor of transfer when there is a related action in another forum. *Eagle View Techs.*, 2022 WL 901191, at *6 (discussing the efficiencies of adjudicating related actions in the same forum). Had the Texas court not dismissed the Policies from the Texas Action, this principle might be applicable, weighing this factor in favor of transfer. Because the Policies were dismissed, however, this factor remains neutral.

As this Court knows all too well, Retirement Value is correct that the District of New Jersey's docket is congested. (Def.'s Moving Br. 18.) Lincoln National is, however, also correct in its assessment that this case has been moving along expeditiously. (Pl.'s Opp'n Br. 25-26 (noting that a Rule 26 conference, a Rule 16 scheduling conference, a scheduling order, and partial discovery have already been completed).) Because "relative congestion of the respective courts' dockets is not a factor of great importance in a [Motion to Transfer Venue,]" the Court views this factor neutrally. *Yocham v. Novartis Pharms. Corp.*, 565 F. Supp. 2d 554, 560 (D.N.J. 2008) (internal quotations omitted).

Both the local forum's interest in deciding local controversies at home as well as the public policies of the forum weigh against transfer. The Court finds it very persuasive that the Policies were originated according to New Jersey laws, on New Jersey forms, complying with New Jersey regulatory requirements. (*See* Pl.'s Opp'n Br. 26-27.) While Retirement Value places great weight on what occurred *after* the Policies were originated (*see, e.g.*, Def.'s Moving Br. 19 ("Retirement Value is a resident of Texas, and it brings the coercive action claiming that Lincoln [National] has caused its injury in Texas.")), Lincoln National's declaratory judgment action relates to the Policies at their inception (*see* Pl.'s Opp'n Br. 1 ("Lincoln National thus filed this action seeking

9

a declaration that the [P]olicies . . . are void *ab initio* for lack of insurable interest *at their inception*.) (emphasis added)). Retirement Value was not the original owner of the Policies, and any alleged injury that occurred to it must have occurred after the fact. (Compl. ¶¶ 27-29.) New Jersey's interest in adjudicating issues arising from policies that originated within New Jersey weighs against transfer. Along the same vein, New Jersey's strong public policy against insurance policies that are void *ab initio* due to a lack of insurable interest directly implicates policies—such as those at issue here—that originated in New Jersey on New Jersey forms. *Sun Life Assurance Co. of Canada v. Wells Fargo Bank, N. Am.*, 208 A.3d 839, 849 (N.J. 2019). This factor also weighs against transfer. *See Allianz Life. Ins. Co. of N.A. v. Estate of Bleich*, No. 08-668, 2008 WL 4852683, at *6 (D.N.J. 2008) ("Also, the Policy appears to have been issued pursuant to New Jersey law, a fact that bears on the local interest in deciding the matter as well as New Jersey's public policy regarding the interpretation of life insurance policies.") (finding that these two factors weigh against transfer).

  The final public interest factor, the trial judge's familiarity with any applicable state law, also weighs against transfer. While the Court declines to endeavor into the full conflict of law analysis advanced by the parties (reserving that discussion for the pending Motions to Strike Affirmative Defenses and Dismiss Counterclaims (ECF No. 35)), it recognizes that the state law that will govern the Policies themselves is most critical to this inquiry. Lincoln National argues that New Jersey law should apply to the Policies, and Retirement Value urges that New York law should apply. (Pl.'s Opp'n Br. 27 ("New Jersey law undoubtedly applies to the . . . Policies); Def.'s Reply Br. 11 ("New York law likely applies to the contract claims . . . .").) Neither party argues that Texas law should apply to the Policies. This factor, thus, weighs against transfer.

  The public factors, accordingly, weigh against transfer.

## IV.    CONCLUSION

For the above reasons, the Court denies Retirement Value's Motion to Transfer. The Court will enter an order consistent with this Memorandum Opinion.

                                                /s/ Michael A. Shipp  
                                                **MICHAEL A. SHIPP**  
                                                **UNITED STATES DISTRICT JUDGE**